**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SIMPLY THICK, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-1036 CAS |
| ) | |
| THERMO PAC, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following reassignment to the undersigned. The Court notes the existence of issues regarding jurisdiction. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

Plaintiff brings its complaint pursuant to this Court's diversity jurisdiction. The complaint alleges state law claims for breach of express warranty and breach of implied warranty of fitness arising out of manufacture of the SimplyThick product. The complaint must allege each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders, 823 F.2d at 215 n.1. For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

In this case, plaintiff Simply Thick, LLC and defendants Thermo Pac, LLC and AmeriQual Group, LLC are limited liability companies. Although the complaint states these entities' principal places of business, it does not state the citizenship of each member of each limited liability company. As such, the complaint does not adequately establish the existence of diversity jurisdiction. See Rule 8(a), Federal Rules of Civil Procedure ("A pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends"); see also Sanders, 823 F.2d at 216 (discussing pleading requirements to establish diversity jurisdiction). The Court therefore cannot determine whether diversity jurisdiction exists. Plaintiff will be ordered to file an amended complaint by September 16, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file an amended complaint by **September 16, 2013**, which shall include statements regarding the citizenship of each member of each limited liability company for purposes of diversity jurisdiction.

**IT IS FURTHER ORDERED** that in the event plaintiff does not timely comply with this Order, this case will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2013.