# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SIMPLY THICK, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-1036 CAS |
| THERMO PAC, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant H.J. Heinz Company's ("Heinz") motion to dismiss plaintiff's first amended complaint. Plaintiff opposes the motion. The matter is fully briefed and ready for decision. For the following reasons, the Court will grant Heinz's motion.

## Background

On May 30, 2013, plaintiff filed a five count complaint against defendants arising out of the recall of its product known as "SimplyThick." Count I alleges a claim for breach of express warranty; Count II alleges breach of implied warranty; Count III alleges breach of contract; Count IV alleges breach of fiduciary duty; and Count V alleges negligent misrepresentation. Defendant Heinz moves to dismiss all counts of the first amended complaint for failure to state a claim.

In 2001, Heinz agreed to manufacture and sell to plaintiff SimplyThick, a product Heinz manufactured at a plant it owned and operated in Stone Mountain, Georgia. On July 30, 2008, Heinz sold the Stone Mountain plant to co-defendants Thermo Pac LLC ("Thermo Pac") and Ameriqual Group LLC ("Ameriqual"), and these entities assumed the contract between plaintiff and Heinz and continued to manufacture and sell SimplyThick to plaintiff. In June 2011, the FDA shut down the Stone Mountain facility and all the product manufactured after June 1, 2009 was subject to a voluntary recall. Plaintiff alleges various damages as a result of the recall.

**Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**Discussion**

    A.    Breach of Warranty Claims (Counts I and II)

In Counts I and II, plaintiff alleges breach of express and implied warranties. Heinz moves to dismiss both Counts as barred by the four-year statute of limitations. Mo. Rev. Stat. § 400.2-725(1). "A 'motion to dismiss may be granted when a claim is barred under a statute of limitations.' Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004) (citation omitted) (quotation marks omitted)." Bradley Timberland Resources v. Bradley Lumber Co., 712 F.3d 401, 406 (8th Cir. 2013).

Under Missouri law, the limitations period for a breach of warranty claim begins to run when tender of delivery is made to the plaintiff.[1] Id. at § 400.2-725(2). Heinz argues that the statute of limitations on plaintiff's claims began running, at the latest, on July 30, 2008, the date Heinz sold its Stone Mountain, Georgia plant to Thermo Pac and Ameriqual and these entities assumed the

---

[1]Neither party has conducted a choice of law analysis; however, both parties rely upon Missouri law in their briefs. See also Def. Mem. at 4 n.2 (stating plaintiff brings this action under Missouri law).

contract. After this date, it sold no more SimplyThick product to plaintiff. Heinz states that plaintiff had four years from July 30, 2008 to bring its warranty causes of action, but filed the original complaint ten months late on May 30, 2013.

Plaintiff states that the statue of limitations did not begin to run until the date of the recall, June 4, 2011. It argues that Heinz fraudulently concealed information about its manufacturing process, which tolled the running of the statute of limitations, and plaintiff did not discover the defect until the date of the recall. Alternatively, plaintiff states that the SimplyThick product was marked with a "best if used by" or "freshness" date of 390 days after the date of manufacture. This, it claims, amounts to an express warranty of future performance, which extends the running of the statute of limitations.

       1.       Fraudulent Concealment

Plaintiff argues that Missouri Revised Statute § 516.280 applies because Heinz concealed the facts and hindered or delayed commencement of this suit. Missouri Revised Statute § 516.280 states, in relevant part:

> If any person, by absconding or concealing himself, or by any other improper act, prevent[s] the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented.

Because this case arises under diversity jurisdiction, the Court must apply Missouri state tolling law and federal procedural law. See Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011). A party relying on fraud and concealment preventing the bar of the statute of limitations must plead and prove such fraud and concealment. The burden of establishing fraudulent concealment of cause of action rests upon the plaintiff. Hasenyager v. Board of Police Comm'rs of Kansas City, 606 S.W.2d 468, 472 (Mo. Ct. App. 1980). The fraudulent concealment avoiding the running of the statue of limitations must go beyond mere silence, and must be something actually

done or said that is directly intended to prevent discovery. See Batek v. Curators of Univ. of Mo. 920 S.W.2d 895, 900-01 (Mo. 1996) (finding broadly worded allegations regarding defendant's "representations and silence" fail to set out with particularity the alleged fraudulent concealment).

Under Federal Rule 9(b)'s heightened pleading standard, "allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity." Summerhill, 637 F.3d at 880 (internal quotations omitted). "In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." Id. (internal quotations omitted). This higher degree of notice "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (citations omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002).

In its first amended complaint, plaintiff alleges that Heinz expressly warranted to plaintiff that it would ensure compliance with all FDA rules and regulations regarding the manufacture of the SimplyThick product, including documentation of the "cold fill" manufacturing method. (1st Am. Compl. ¶ 30). Plaintiff alleges that prior to June 4, 2011, Heinz was requested to provide information to the FDA regarding the manufacturing process. These documents would allow the "cold fill" process it developed to be excluded from FDA filings. Heinz failed to provide these documents. (Id. at ¶ 16). On June 4, 2011, a voluntary recall was issued for SimplyThick product manufactured at the Stone Mountain facility since June 1, 2009. Plaintiff alleges the recall occurred shortly after the FDA shut down the Stone Mountain facility because defendants failed to document the "cold fill" manufacturing process. (Id. at ¶¶ 35-36).

It is plaintiff's burden to plead with particularity the facts to support its claim that the doctrine of fraudulent concealment tolls the statute of limitations. Plaintiff has not met this burden. The complaint does not mention any fraudulent concealment or any fraud. At most, plaintiff has alleged that Heinz failed to provide documents to the FDA. (1st Am. Compl. ¶ 16). Plaintiff has not alleged Heinz affirmatively attempted to conceal anything. Nor has plaintiff alleged anything done or said by Heinz that was directly intended to prevent discovery of its alleged failure to comply with FDA requirements. Plaintiff's conclusory statements does not meet the heightened requirements for pleading the elements of fraudulent concealment with particularity. Plaintiff has failed to allege sufficient facts to support a basis for tolling the statute of limitations.

2. "Best If Used By" Date

Plaintiff argues that the goods sold by Heinz through July 30, 2008 were stamped with a "best if used by/freshness" date of 390 days after manufacture, and that this notation is a warranty of future performance. (1st Am. Compl. ¶¶ 12, 27, 31, 40). Plaintiff argues that this warranty of future performance as to salability of the food product to consumers "naturally includes proper manufacturing of the product and meeting all rules and regulations applicable." (Pl. Opp'n at 5). Plaintiff argues that even assuming the statute of limitations was not tolled because of fraudulent concealment, its claims survive because Heinz provided this warranty for future performance. Plaintiff alleged Heinz manufactured the SimplyThick product through July 30, 2008, which it warranted for future performance for 390 days, or until August 24, 2009. Applying the four year statute of limitations, plaintiff argues it had until August 24, 2013 to initiate suit. So, its complaint filed May 30, 2013 was timely.

Heinz responds that plaintiff's claim of an express warranty of future performance fails because the alleged warranty must be explicit and relate to the alleged breach. Also, assuming the

alleged warranty for future performance was valid, only the products manufactured by Heinz from May 2008 until July 30, 2008 would have been within the warranty limitations period as of the date plaintiff filed suit.

Under Missouri law, an action for breach of warranty accrues when tender of delivery is made, "except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Mo. Rev. Stat. § 400.2-725(2). "To constitute a warranty for future performance, the terms of the warranty must unambiguously indicate that the manufacturer is warranting the future performance of the goods for a specified period of time." Wienberg v. Independence Lincoln-Mercury, Inc., 948 S.W.2d 685, 689 (Mo. Ct. App. 1997).

The Missouri case Wienberg v. Independence Lincoln-Mercury, Inc., 948 S.W.2d 685, provides a classic example of an express warranty of future performance. Plaintiffs in Wienberg bought a used vehicle with an express warranty that defects in the materials or workmanship would be repaired or replaced for 34 months or 34,000 miles. In such a case, the Wienbergs' cause of action for breach of warranty and the statute of limitations did not begin to run until the defect in the vehicle, a faulty transmission, was or should have been discovered. Id. at 689-90. Like the plaintiffs in Wienberg, here plaintiff alleges Heinz warranted that the product would be "best if used by" and/or "fresh" for 390 days after manufacture. Assuming this creates an express warranty of future performance, this warranty works to extend the accrual date of the cause of action until "the breach is or should have been discovered." Mo. Rev. Stat. 400.2-725.

To Heinz's point, however, there must be a relationship between the breach of warranty alleged by plaintiff and the future performance that Heinz warranted. Thus, if plaintiff were bringing an action that the SimplyThick product did not maintain its freshness for 390 days, or that

its condition deteriorated during that time such that it was not at its best for 390 days, plaintiff could likely allege a breach of the warranty of future performance.

According to plaintiff, the breach of warranty was not that the product did not maintain its freshness during the course of the warranty period. Rather, the breach alleged by plaintiff is that the product: (1) was not of merchantable quality and fit for its intended use, and (2) was not manufactured according to FDA guidelines. (1st Am. Compl. at ¶¶ 15, 18, 22, 29-30, 41). Plaintiff's alleged breach relates to Heinz's failure to provide documentation to the FDA and the subsequent recall. Unlike the transmission in the Wienbergs' used car, which did not start whining until two years after the vehicle was delivered, plaintiff's alleged breach could have been discovered on the date of delivery of the product—it does not involve any future performance.

To the extent the "best if used by" and "freshness" warranty was explicit, it explicitly covered only the condition and freshness of the product. It warranted that the product would not deteriorate or spoil within the 390 day period. The alleged "best if used by" warranty does not *explicitly* cover whether the product was manufactured according to FDA guidelines, fit for human consumption, or properly documented with the FDA. Plaintiff's allegations regarding the freshness date might constitute an explicit express warranty of future freshness, but plaintiff's do not allege a breach of this warranty.

The Court finds that plaintiff has not alleged sufficient facts tolling the statute of limitations and cannot state a claim for breach of an express warranty for future performance. Pursuant to Missouri Revised Statue § 400.2-725(2), the breach of warranty occurs when tender of delivery is made. In this case, Heinz sold its factory and stopped manufacturing the SimplyThick product on July 30, 2008. Plaintiff did not file suit until May 30, 2013, which is outside the four-year statute of limitations. The Court will grant Heinz's motion to dismiss Counts I and II.

B.     Breach of Contract Claim (Count III)

In Count III, plaintiff alleges defendant Heinz breached its contract for the manufacture of the SimplyThick product. (1st Am. Compl. ¶ 46). The four-paragraph Count states Heinz "materially breached its contract" by failing to manufacture SimplyThick in a commercially salable manner and as a proximate result, plaintiff has suffered damages. (Id. ¶¶ 46-48). Heinz moves to dismiss this Count, arguing that it is a mere recharacterization of the breach of warranty claims and does not plead sufficient facts. Plaintiff responds that its allegations are sufficient, i.e., it alleges a breach of contract by Heinz's failure to manufacture a commercially salable food product, and alleges damages. (Pl. Opp'n at 6).

"Under Missouri law, remedies for economic loss sustained by reason of damage to or defects in products sold are limited to those under the warranty provisions of the UCC." Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 130-32 (Mo. 2010). Breach of warranty and breach of contract actions are not the same. Remedies for breach of contract are available to a buyer "[w]here the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance." Remedies for breach of warranty are available "to a buyer who has finally accepted goods, but discovers that the goods are defective in some manner." Id.; see also Baker v. Wade, 949 S.W.2d 199, 201-02 (Mo. Ct. App. 1997).

Here, plaintiff has not alleged that Heinz failed to make delivery or repudiated the contract or that plaintiff had rightfully rejected or justifiably revoked acceptance. In fact, defendant Ameriqual assumed the contract on July 30, 2008. (1st Am. Compl. at ¶ 13). On June 4, 2011, at the time of the recall, Heinz had not manufactured or delivered SimplyThick product to plaintiff in nearly three years. (Id. at ¶ 27). Had plaintiff rejected the goods or revoked acceptance at the time of the recall, the breach of contract action would be against defendant Ameriqual, not Heinz.

Accepting the allegations in the first amended complaint as true, and drawing all reasonable inferences in favor of plaintiff, the Court finds that plaintiff has not pled sufficient facts to state a claim for breach of contract. Plaintiff's breach of contract claim fails as a matter of law.

C. Breach of Fiduciary Duty (Count IV)

In Count IV, plaintiff alleges Heinz owed it a fiduciary duty, which was breached when Heinz failed to manufacture the SimplyThick product in accordance with FDA regulations and failed to provide timely information to the FDA. Heinz moves to dismiss this Count, arguing plaintiff has not pled sufficient facts to allege a facially plausible claim. Even if plaintiff had met the legal standard for pleading a breach of a fiduciary duty, Heinz states, it cannot establish any fiduciary relationship existed between the parties.

The Court finds that plaintiff has not stated a claim for breach of a fiduciary duty that is plausible on its face. Plaintiff alleges "[e]ach and every defendant owed plaintiff a fiduciary duty with respect to the SimplyThick product." (1st Am. Compl. ¶ 50). To establish the origin of the alleged fiduciary duty, plaintiff states simply, "[e]ach and every defendant had superior knowledge regarding the manufacturing process for food products." (Id. at ¶ 51).

A fiduciary relationship consists of the following elements:

> (1) one party must be subservient to the dominant mind and will of the other party as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, a business, or other things of value, which are the property of the subservient party, must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient party to the dominant party; (4) there must be an automatic and habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party places a trust and confidence in the dominant party.

Dibrill v. Normandy Assocs., Inc., 383 S.W.3d 77, 86 (Mo. Ct. App. 2012).

Plaintiff has alleged nothing more than a standard business relationship with Heinz. Heinz, a manufacturer, produced and sold its product to plaintiff, a buyer. For a fiduciary relationship to exist, "there must be evidence of a special trust with respect to the property or business and, stemming therefrom, an exercise of influence which breaks the will power of the person over-influenced." Farmers Ins. Co., Inc. v. McCarthy, 871 S.W.2d 82, 86-87 (Mo. Ct. App. 1994) (citing Masoner v. Bates County Nat'l Bank, 781 S.W.2d 235, 239 (Mo. Ct. App. 1989)). Only in limited circumstances such as where a party participates in the day-to-day operations of the other party or participates in management decisions may a fiduciary duty be found between commercial entities operating at arms-length. See, e.g., Bunzl Distrib. USA, Inc. v. Schultz, 2006 WL 2265274, *5 (E.D. Mo. Aug. 7, 2006) (applying Missouri law) (defendant manipulated plaintiff's business relationships to ensure plaintiff's total reliance on defendant). Plaintiff's allegation that Heinz had superior knowledge related to the manufacture of food products is insufficient to establish the creation of a fiduciary obligation. See, e.g., Arnold v. Erkmann, 934 S.W.2d 621, 629 (Mo. Ct. App. 1996) (upholding dismissal and finding no fiduciary relationship where inexperienced buyer of cattle relied upon superior knowledge and experience of seller).

Because plaintiff has not alleged sufficient facts to state a plausible claim of a breach of a fiduciary duty, the Court will dismiss Count IV.

D. Negligent Misrepresentation (Count V)

Finally, Heinz moves to dismiss plaintiff's claim for negligent misrepresentation because it is barred by the "economic loss" doctrine. In response, plaintiff argues the economic loss doctrine does not apply because there is a fiduciary relationship between the parties.

Missouri's economic loss doctrine "prohibits a party 'from seeking to recover in tort for economic losses that are contractual in nature.'" Graham Constr. Servs., Inc. v. Hammer & Steel

Inc., --- F.3d ----, 2014 WL 2619717, *3 (8th Cir. June 13, 2014) (quoting Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc., 332 S.W.3d 184, 192 (Mo. Ct. App. 2010)). "Under Missouri law, recovery in tort for pure economic damages are only limited to cases where there is personal injury, damage to property other than that sold, or destruction of the property sold due to some violent occurrence." Id. (internal quotations omitted).

The Court finds that the economic loss doctrine bars plaintiff's recovery on its negligent misrepresentation claim. As the Eighth Circuit has recently held under Missouri law in Graham Construction and Dannix Painting, LLC v. Sherwin-Williams Co., 732 F.3d 902 (8th Cir. 2013), this is "precisely the type of tort claim by a disappointed commercial buyer that the economic loss doctrine prohibits." Graham Constr., 2014 WL 2619717 at *3 (quoting Dannix, 732 F.3d at 908). Because plaintiff is seeking recovery of purely economic damages through its negligent misrepresentation claim, the economic loss doctrine bars recovery on this claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant H.J. Heinz Company's motion to dismiss plaintiff's first amended complaint is **GRANTED**. [Doc. 39]

An order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of July, 2014.