# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SIMPLY THICK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1036 CAS |
| | ) | |
| THERMO PAC, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Simply Thick, LLC's ("plaintiff") motion to dismiss defendant Thermo Pac, LLC's ("Thermo Pac") counterclaims or, in the alternative, for a more definite statement.[1] Defendant Thermo Pac opposes the motion. The matter is fully briefed and ready for decision. For the following reasons, the Court will grant in part and deny in part plaintiff's motion.

## Background

On June 4, 2011, plaintiff announced a voluntary recall of its Simply Thick thickening gel products manufactured at a food processing plant located in Stone Mountain, Georgia. The plant was owned and operated by defendant Thermo Pac.

On May 30, 2013, plaintiff filed a five-count complaint against defendants arising out of the recall. Count I alleges a claim for breach of express warranty, Count II alleges breach of implied warranty, Count III alleges breach of contract, Count IV alleges breach of fiduciary duty, and Count V alleges negligent misrepresentation. In response, defendant Thermo Pac filed a four-count counterclaim. The counterclaim alleges claims against plaintiff for negligence, breach of contract,

---

[1]For clarity, the Court will refer to plaintiff Simply Thick as "plaintiff" and to its product as "Simply Thick."

constructive fraud and unjust enrichment. Plaintiff moves to dismiss all counts of Thermo Pac's counterclaim for failure to state a claim.

**Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the non-moving party the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**Discussion**

    A.    Negligence (Count I)

In Count I of Thermo Pac's counterclaim, it asserts a claim for common law negligence. Plaintiff moves to dismiss this Count, stating Thermo Pac has not pled any facts that would establish a legal duty owed to Thermo Pac by plaintiff, nor has it alleged that plaintiff breached any duty. Thermo Pac responds that because plaintiff developed the formula and manufacturing method for the Simply Thick product, and because Thermo Pac relied on plaintiff's formulation and manufacturing process, a duty arose "to timely and adequately disclose to Thermo Pac all material information relating to the product, including any safety issues relative to the product." (Def. Opp'n at 5).

Under Missouri law, "the first essential element of a claim of negligence" is "the existence of a duty." Leeper v. Asmus, __ S.W.3d __, 2014 WL 2190966, at *3 (Mo. Ct. App. May 27, 2014).

As Thermo Pac recognizes, a legal duty arises from one of three sources: (1) the legislative branch, (2) a law imposing a duty based on a relationship in which one party must exercise due care to avoid foreseeable injury, or (3) a party assumed a duty based on a contract. Hackmann v. Missouri Am. Water Co., 308 S.W.3d 237, 239 (Mo. Ct. App. 2009). As to the duty it alleges plaintiff owed, Thermo Pac states, "[Plaintiff] had a duty to timely and adequately inform Thermo Pac of all material information concerning the formulation, manufacturing process, and processing hazards, consumer related complaints, and the risks and hazards relating to the Simply Thick product and its consumption." (Counterclaim at ¶ 20). Thermo Pac alleges this duty arose from the fact that plaintiff developed the formula and manufacturing method for the product, made the determination whether it was safe for human consumption, and represented the safety of the product. (Def. Opp'n at 4-5). Because Thermo Pac relied on plaintiff in these areas, Thermo Pac argues these allegations give rise to a duty of plaintiff to timely and adequately disclose all material information relating to the product, including any safety issues, to avoid foreseeable injury. (Id. at 5).

Accepting the allegations in the counterclaim as true, and drawing all reasonable inferences in favor of Thermo Pac, the Court finds Thermo Pac's claim of negligence plausible on its face. To be cognizable, the duty alleged by Thermo Pac must arise because the law imposes the duty based on the relationship of the parties or because, under the circumstances, plaintiff must exercise due care to its product manufacturer to avoid foreseeable injury. Thermo Pac has alleged that it manufactured plaintiff's Simply Thick product based on plaintiff's formulation and manufacturing process. Thermo Pac states its reliance upon plaintiff's formulation and manufacturing process "give[s] rise to a duty of plaintiff to timely and adequately disclose to Thermo Pac all material information relating to the product, including safety issues." Allegedly, plaintiff had received complaints and warnings from medical professionals regarding the safety of the product, and failed

to notify its manufacturer, Simply Thick, thereby failing to exercise due care to avoid foreseeable injury, i.e., the voluntary recall. (Counterclaim at ¶¶ 30-31).

Because the Court finds it plausible under the circumstances that the law would impose a duty on plaintiff to use due care to inform its manufacturer, Thermo Pac, of material information regarding the risks and hazards related to Simply Thick, it will deny plaintiff's motion to dismiss Count I.

B.  Breach of Contract (Count II)

Under Missouri law, the essential elements of a breach of contract action are: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." Keveney v. Missouri Military Acad., 304 S.W.3d 98, 104 (Mo. 2010) (en banc). Plaintiff moves to dismiss Thermo Pac's breach of contract claim, stating that Thermo Pac has not pled the specific obligations and rights contracted by the parties.

In its counterclaim, Thermo Pac states that it contracted with plaintiff for the manufacture of the Simply Thick product. (Counterclaim at ¶ 2). It states that it performed all its obligations under its contract with plaintiff for consideration, including manufacturing the product in accordance with the formulation and methods that were provided or approved by plaintiff. (Id. at ¶ 35). Plaintiff breached its contract by failing to timely disclose material information to Thermo Pac concerning the formulation, manufacturing process, processing hazards, consumer related complaints, and the risks and hazards relating to the product. (Id. at ¶ 36). As a result, Thermo Pac was damaged. (Id. at ¶ 37).

The Court rejects plaintiff's argument that Thermo Pac failed to plead the rights or obligations of each party under the contract. Thermo Pac alleged it contracted with plaintiff to

manufacture the Simply Thick product for consideration. (Counterclaim at ¶¶ 2; 34). It alleged further that it "performed all of its obligations . . . including manufacturing the Simply Thick product in accordance with the formulation and methods . . . provided or approved by [plaintiff]." (Id. at ¶ 35). Plaintiff breached its contract by failing to disclose material information regarding the risks and hazards related to the product. (Id. at ¶ 36). As a result of this breach, Thermo Pac was damaged. (Id. at ¶ 37). Accepting as true the factual allegations contained in the counterclaim, and granting Thermo Pac the benefit of all reasonable inferences, the Court finds Thermo Pac has pleaded a claim for breach of contract that is plausible on its face.

    C.    <u>Constructive Fraud (Count III)</u>

Plaintiff moves to dismiss Thermo Pac's claim for constructive fraud, stating that Thermo Pac has failed to plead facts that show a relationship between the two entities that would support an actionable claim for constructive fraud. Additionally, plaintiff states Thermo Pac has failed to state with particularity the circumstances constituting fraud, materiality and reliance.

Constructive fraud is found when a breach of a fiduciary or confidential relationship has occurred. <u>Flowers v. Flowers</u>, 284 S.W.3d 207, 214 n.7 (Mo. Ct. App. 2009) (citing <u>Fix v. Fix</u>, 847 S.W.2d 762, 765 (Mo. 1993) (en banc)). "Courts have equated constructive fraud with the breach or violation of a fiduciary, or confidential, relationship." <u>Fix</u>, 847 S.W.2d at 765. Missouri courts have acknowledged that "the existence of a business relationship does not give rise to a fiduciary relationship, nor a presumption of such a relationship." <u>Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.</u>, 332 S.W.3d 184, 194 (Mo. Ct. App. 2010) (quoting <u>Chmieleski v. City Prods. Corp.</u>, 660 S.W.2d 275, 294 (Mo. Ct. App. 1983)); <u>see also</u> <u>Kratky v. Musil</u>, 969 S.W.2d 371, 377 (Mo. Ct. App. 1998) (noting the breach of any promise in a fiduciary or confidential relationship "will be considered constructively fraudulent," but "the existence of a business relationship does not

give rise to a fiduciary relationship"). Moreover, a fiduciary duty is not created by the unilateral decision of one party to repose trust and confidence in another. Rather, "it derives from the conduct or undertaking of the purported fiduciary which is recognized by the law as justifying such reliance." Pool v. Farm Bureau Town & Country Ins. Co., 311 S.W.3d 895, 907 (Mo. Ct. App. 2010).

In its counterclaim, Thermo Pac alleges that plaintiff developed and formulated the Simply Thick product and manufacturing method, and made all determinations regarding whether it was safe for human consumption. (Counterclaim at ¶¶ 1, 5, 10, 12-13, 19-23). Thermo Pac alleges that plaintiff had knowledge that the product was not safe for human consumption and failed to disclose this information to Thermo Pac. (Id. at ¶¶ 21-22). Specifically, Thermo Pac states that plaintiff had superior knowledge received from medical professionals that the SimplyThick product was allegedly injuring and killing humans—knowledge not reasonably available to Thermo Pac. (Id. at ¶ 21; Def. Opp'n at 6). Thermo Pac states that this establishes a legal duty on the part of plaintiff to disclose the safety concerns. It states plaintiff's superior knowledge and control of the relevant information regarding the safety of the SimplyThick product, and its silence in the face of this information, amounts to constructive fraud.

The Court finds that Thermo Pac has not alleged a plausible counterclaim for constructive fraud. Constructive fraud would require a finding that the parties entered into a fiduciary or confidential relationship. Thermo Pac has alleged nothing more than a standard business relationship with plaintiff. Existence of a business relationship does not give rise to a fiduciary or confidential relationship. See Autry Morlan Chevrolet Cadillac, 332 S.W.3d at 194; Smith v. Goodyear Tire & Rubber Co., Inc., 856 F. Supp. 1347, 1353 (W.D. Mo. 1994). Although the counterclaim includes allegations that plaintiff developed the formula and manufacturing process for Simply Thick, and knew of safety concerns from medical professionals, Thermo Pac has not

alleged how its mere unilateral reliance on plaintiff created a confidential or fiduciary relationship. The Court cannot find a confidential or fiduciary relationship between the parties at the time of the allegedly fraudulent conduct, and in the absence of such a relationship, the constructive fraud claim is not plausible.

Viewing the facts in the light most favorable to Thermo Pac, the Court finds that Thermo Pac has not stated a claim for constructive fraud that is plausible on its face. The Court will grant plaintiff's motion to dismiss Count III of the counterclaim.

D. Unjust Enrichment (Count IV)

Finally, plaintiff moves to dismiss Thermo Pac's claim for unjust enrichment. Plaintiff states that Thermo Pac failed to allege the factual basis for its claim. Additionally, plaintiff claims an adequate remedy exists at law, and therefore the equitable remedy of unjust enrichment is not available.

"An unjust enrichment has occurred where a benefit was conferred upon a person in circumstances in which retention of the benefit, without paying its reasonable value, would be unjust." S & J, Inc. v. McLoud & Co., L.L.C., 108 S.W.3d 765, 768 (Mo. Ct. App. 2003). The elements of unjust enrichment are (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation by the defendant of that benefit; and (3) acceptance and retention of the benefit under such circumstances that it would be inequitable for defendant to retain the benefit without paying for its value. US Bank Nat'l Ass'n v. Cox, 341 S.W.3d 846, 852 (Mo. Ct. App. 2011) (cited cases omitted).

Unjust enrichment is "an equitable remedy based on the concept of a quasi-contract." Affordable Communities of Mo. v. Federal Nat'l Mort. Ass'n, 714 F.3d 1069, 1077 (8th Cir. 2013). A judgment in favor of a party on both its contract and unjust enrichment claims would constitute

a double recovery. See Meco Sys., Inc. v. Dancing Bear Entm't, Inc., 42 S.W.3d 794, 810-11 (Mo. Ct. App. 2001) (where court entered judgment for plaintiff on contract claims, it properly denied plaintiff's unjust enrichment claims to avoid a double recovery, where plaintiff did not elect its remedy and submitted both claims). Generally, an unjust enrichment claim should be dismissed if a "plaintiff has entered into an express contract for the very subject matter for which he seeks recovery." Affordable Communities, 714 F.3d at 1077. In such a case, a plaintiff's rights are limited to the express terms of the contract. Id.

Contrary to plaintiff's position, Thermo Pac's counterclaim for unjust enrichment is not based on the very subject matter for which it seeks recovery under the express contract claim of Count II. As pleaded by Thermo Pac, the unjust enrichment claim relates to certain recall concessions it made to plaintiff following the June 4, 2011 recall. (Counterclaim at ¶ 46). Thermo Pac alleges these recall concessions conferred benefits upon plaintiff, and plaintiff was unjustly enriched by retaining these benefits. (Id. at ¶ 49). Thermo Pac alleges it has no adequate remedy at law. (Id. at ¶ 50). Thermo Pac's contract claim, on the other hand, relates to conduct occurring prior to the June 4, 2011 recall. (Id. at ¶¶ 34-37).

The Court finds Thermo Pac sufficiently pleaded its cause of action for unjust enrichment, and will deny plaintiff's motion to dismiss Count IV of the counterclaim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Simply Thick, LLC's motion to dismiss defendant Thermo Pac, LLC's counterclaims or, in the alternative, for a more definite statement is **GRANTED in part** and **DENIED in part**. [Doc. 46] The motion is **GRANTED** as to Count III, and **DENIED** in all other respects.

An Order of Partial Dismissal will accompany this Memorandum and Order.

／s／ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   23rd   day of September, 2014.