# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SIMPLY THICK, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 4:13-CV-1036 CAS |
| | ) |
| THERMO PAC, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on crossclaim defendant H.J. Heinz Company's ("Heinz") motion for summary judgment on the crossclaims of crossclaim plaintiffs Thermo Pac, LLC and AmeriQual Group, LLC (collectively "Thermo Pac"[1]). Thermo Pac opposes the motion. The matter is fully briefed and ready for decision. For the following reasons, the Court will grant in part and deny in part Heinz's motion for summary judgment. The motion will be granted as to Thermo Pac's crossclaim for contribution and denied as to the crossclaims for common law and contractual indemnity.

**I.   Background**

On June 4, 2011 plaintiff Simply Thick, LLC ("Simply Thick") announced a voluntary recall of its Simply Thick thickening gel products manufactured at a food processing plant located in Stone

---

[1]Crossclaim plaintiff Thermo Pac is a limited liability company and its sole member is crossclaim plaintiff AmeriQual Group, LLC. For ease of reference, the Court will refer to Thermo Pac and AmeriQual Group, LLC collectively using the singular "Thermo Pac."

Mountain, Georgia.[2]  Since July 2008, the food processing plant had been owned and operated by Thermo Pac.  Prior to that date, the food processing plant had been owned and operated by Heinz.

On May 30, 2013, Simply Thick filed a five-count complaint against Thermo Pac and Heinz arising out of the recall.  In response, Thermo Pac filed a counterclaim against Simply Thick and crossclaims for contribution and indemnity against co-defendant Heinz.  In short, Thermo Pac alleges that any liability it might have to Simply Thick should be discharged by Heinz because Heinz formulated the manufacturing process for the Simply Thick product prior to Thermo Pac's purchase of the food processing facility in July 2008.

## II.    Summary Judgment Standard

The standards applicable to summary judgment motions are well settled.  Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Board of Educ., Island Trees v. Pico, 457 U.S. 853, 863 (1982).  "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."  Cearley v. General Am. Transp. Corp., 186 F.3d 887, 889 (8th Cir. 1999) (citing Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1405-06 (8th Cir. 1990)).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving the motion for summary judgment.

---

[2]Both the company that created the product and the product itself are called Simply Thick.  The Court will refer to the company as "Simply Thick" and the product as "the Simply Thick product."

**III.     Facts**

Plaintiff Simply Thick is the creator, developer, distributor, marketer, and seller of the eponymous food thickener product Simply Thick. The Simply Thick product, composed of xanthan gum, water, citric acid, and preservative, thickens liquids to facilitate swallowing in individuals with difficulty swallowing.

From late 2001 until July 30, 2008, the Simply Thick product was manufactured by Heinz for Simply Thick at a Stone Mountain Georgia manufacturing facility Heinz operated. Heinz developed and used a cold fill manufacturing process for the Simply Thick product. Based on representations by Heinz, Thermo Pac continued to use the same cold fill manufacturing process after July 30, 2008 for the Simply Thick product. Heinz had not filed or obtained process authority from the FDA for the cold fill manufacturing process for the Simply Thick product prior to July 30, 2008.

On July 30, 2008, Heinz sold the Stone Mountain, Georgia manufacturing plant to defendant Thermo Pac. Heinz and Thermo Pac entered into an Asset Purchase Agreement in connection with the sale. After July 30, 2008, Thermo Pac continued to manufacture Simply Thick at the Stone Mountain facility.

In 2011, the United States Food and Drug Administration ("FDA") inspected Thermo Pac's Stone Mountain facility. In May 2011, the FDA issued a warning as to the consumption of the Simply Thick product by certain infants. On May 23, 2011, the FDA commenced an inspection of Thermo Pac's plant that manufactured Simply Thick and the FDA determined that the required process authority for the cold fill manufacturing process for the Simply Thick product had not been filed by Heinz. On June 4, 2011, Simply Thick announced a voluntary recall of Simply Thick product manufactured by Thermo Pac.

Plaintiff filed this action on May 30, 2013 and filed a first amended complaint on August 21, 2013. The first amended complaint asserts claims against defendants for breach of express and implied warranties, breach of contract, breach of fiduciary duty, and negligent misrepresentation. In response, Thermo Pac asserted crossclaims against Heinz. Alleging it continued, after July 30, 2008, to used the formulation, methodology and process for Simply Thick that Heinz had used prior to that date, including a cold fill manufacturing process, Thermo Pac asserted crossclaims for contribution, common law indemnity, and contractual indemnity.

On October 16, 2013, Heinz filed a motion to dismiss the first amended compliant arguing that: (1) Simply Thick's breach of express and implied warranty claims were barred by the statute of limitations; (2) Simply Thick's breach of contract and breach of fiduciary duty claims failed to allege essential elements of the cause of action; and (3) Simply Thick's negligent misrepresentation tort claim was barred by the economic loss doctrine. On July 17, 2014, the Court granted the motion of Heinz to dismiss plaintiff's claims against it with prejudice. Only Thermo Pac's crossclaims for contribution and indemnity remain pending against Heinz. Heinz has filed the instant motion for summary judgment on those crossclaims.

**IV.    Discussion**

Heinz moves for summary judgment on the crossclaims, arguing that Thermo Pac cannot recover on its crossclaims for contribution and common law indemnity. As to Thermo Pac's claim for contractual indemnity, Heinz states the crossclaim fails under the plain terms of the Asset Purchase Agreement.

    A.    <u>Crossclaims of Contribution and Common Law Indemnity</u>

Contribution and common law indemnity are two distinct concepts in the law and are mutually exclusive. See generally SSM Health Care St. Louis v. Radiologic Imaging Consultants,

LLP, 128 S.W.3d 534, 539 (Mo. Ct. App. 2003) ("Contribution and indemnity are separate and distinct concepts."); 18 Am. Jur. 2d Contribution § 2 (2d 2015) ("A person who has a right of indemnity against another person does not have a right of contribution against that person and is not subject to liability for contribution to that person."). Although Heinz's arguments conflate these concepts at times, they are in fact different. Because the Court finds common law indemnity to be a viable crossclaim and contribution not, the Court will discuss each concept separately.

### *(1)    Contribution*

In its opening memorandum, Heinz argues that under Missouri law a defendant is not liable to a co-defendant for contribution unless the plaintiff has an actionable negligence claim against the co-defendant from whom contribution is sought. As to our case, Heinz argues that Thermo Pac cannot succeed on its contribution crossclaim against Heinz because Simply Thick's claims against Heinz have been dismissed. In other words, because the Court has already dismissed plaintiff Simply Thick's tort claims against defendant Heinz, Heinz argues its co-defendant Thermo Pac cannot recover against it on a crossclaim for contribution.

As mentioned, the parties at times conflate the concepts of contribution and indemnity. "Contribution distributes the loss among the tortfeasors by requiring each to pay his proportionate share." SSM Health Care, 128 S.W.3d at 539. "Indemnity, on the other hand, is the shifting of responsibility from the shoulders of one person to another." Id.; Beeler v. Martin, 306 S.W.3d 108, 111 n.4 (Mo. Ct. App. 2010); see Part IV.A.2., infra. "The two primary requisites of the right to contribution are that first, the party seeking contribution and the party from whom it is being sought share a common liability or burden, and second, that the party seeking contribution has discharged more than his fair share of that common liability or burden." Id.

Thermo Pac does not acknowledge in its briefing that Simply Thick's claims against Heinz have been dismissed. Instead, Thermo Pac argues that Simply Thick alleged a common obligation among the defendants and Thermo Pac should not have to bear a disproportionate share.

The right to contribution arises when a party to a joint, or joint and several, obligation satisfies more than that party's share of the claim against all. See 18 Am. Jur. 2d Contribution § 2. "Contribution is the proper remedy, and indemnification is not available, when two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence." Id. Here, because Simply Thick's claims against Heinz have been dismissed, there will never be a joint obligation to Simply Thick for which Thermo Pac might seek contribution from Heinz. Thermo Pac and Heinz do not share a common liability or burden; they are not joint or concurrent tortfeasors. If Thermo Pac is ultimately held liable to Simply Thick, the damages it pays will discharge only its own obligations. It might seek indemnity from Heinz, but contribution is not available. The Court finds that Heinz is entitled to summary judgment on Thermo Pac's claim for contribution.

*(2)     Common Law Indemnity*

Unlike contribution, indemnity is the shifting of responsibility from the shoulders of one person to another. See SSM Health Care, 128 S.W.3d at 539. "Indemnity involves a claim for reimbursement in full from one on whom a primary responsibility rests." 18 Am. Jur. 2d Contribution § 2. "Indemnity is a right that inures to the person who has discharged a duty that is owed by him, but which, as between himself and another, should have been discharged by the other, so that if the other does not reimburse the person, the other is unjustly enriched to the extent that his liability has been discharged." SSM Health Care, 128 S.W.3d at 539 (citing Koeller By and Through Koeller v. Unival, Inc., 906 S.W.2d 744, 746 (Mo. Ct. App. 1995)). When a party, without

any fault of its own, is exposed to liability and compelled to pay damages because of the negligence of another, that party has an action against the active tortfeasor on the theory of indemnity. Id.

In its opening memorandum, Heinz argues that common law indemnity is only available in tort cases. (Heinz Mem. at 6) ("[C]ourts have consistently held that common-law indemnification is available only in the tort context"). Heinz then states that because the Court has already dismissed any tort claims brought by plaintiff Simply Thick against Heinz, Thermo Pac cannot recover against Heinz on its cross claim for common law indemnity.

Thermo Pac responds that common law indemnity is equitable in nature and is not limited to tort cases. Citing a case that applied equitable indemnity to claims for breach of express and implied warranties, City of Clayton v. Grumman Emergency Products, Inc., 576 F. Supp. 1122 (E.D. Mo. 1983), Thermo Pac states that Heinz's legal argument as to Missouri law is misplaced and common law indemnity applies under the facts of this case. See City of Clayton, 576 F. Supp. at 1128 ("Generally speaking, a person who has been held liable for failure to discharge a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other . . . .") (internal quotations omitted).

In its reply, Heinz backs off its argument that common law indemnity in available only in tort cases, arguing instead that common law indemnity can arise only in "narrow and specific circumstances" in the tort context. (Heinz Reply at 4). Heinz attempts to distinguish City of Clayton, stating that the case recognized a right of indemnification in the "special and irrelevant" context of a non-negligent middle-man retailer seeking indemnification from a manufacturer that had produced and sold a defective product. Id. (citing City of Clayton, 576 F. Supp. at 1122).

Missouri courts recognize both contractual indemnity and non-contractual indemnity. Beeler v. Martin, 306 S.W.3d 108, 110-11 (Mo. Ct. App. 2010). Non-contractual indemnity, also called

"common law indemnity" or "equitable indemnity," can arise even if the party seeking to enforce it is a party to a contract. See American Nat'l Prop. & Cas. Co. v. Ensz & Jester, P.C., 358 S.W.3d 75, 86 (Mo. Ct. App. 2011) ("[T]he fact that American National may have had a contract with Ensz & Jester does not change the fact that it is not seeking to enforce a right to indemnity that arises from a contract: as explained above, any right to indemnity that American National has springs from equity, not a contract."). Just because a legal relationship exists between Heinz and Thermo Pac as parties to the Asset Purchase Agreement, this does not necessarily foreclose the application of common law indemnity. Id. "A party asserting equitable indemnity, or implied-in-law indemnity, is therefore not asserting that a contractual right to indemnity exists; rather, such a party is asserting that, given the special nature of the case's circumstances, equity demands that one party indemnify the other." Id. (internal citation omitted). Like the parties in American National Property and Casualty Company, here Thermo Pac is asserting a claim to equitable indemnity. Under the facts of this case, equitable principles might require Heinz to indemnify Thermo Pac for damages.

Heinz makes much of the fact that the Court has already dismissed all of plaintiff Simply Thick's claims against Heinz. It argues that because the Court has ruled that Simply Thick never had any actionable negligence or other tort claim against Heinz, Thermo Pac cannot recover against Heinz on a crossclaim for common law indemnity. (Heinz Mem. at 6). Missouri courts have held, however, that crossclaims for indemnity are independent of the underlying claim of the plaintiff for damages. See Aherron v. St. John's Mercy Med. Ctr., 713 S.W.2d 498 (Mo. banc 1986). The Missouri Supreme Court has held that a claim for indemnity need not be subject to the statute of limitations applicable to the underlying claim because of the independent nature of that indemnity claim from the underlying claim of the plaintiff for damages. Id. (citing Rowland v. Skaggs Cos., Inc., 666 S.W.2d 770 (Mo. banc 1984)).

In Aherron v. St. John's Mercy Medical Center, for example, the plaintiffs Mr. and Mrs. Aherron had sued St. John's Mercy Medical Center and its employee, Dr. Taylor, for medical malpractice. The hospital filed a two-count crossclaim against Dr. Taylor for indemnity. Dr. Taylor moved to dismiss the hospital's crossclaim on the ground that, since the medical malpractice statute of limitations had run on the Aherrons's claim against him, the hospital had no viable claim against him for indemnity. The Missouri Supreme Court found that the hospital's claim of indemnity, which was non-contractual in nature, was independent of the underlying claim for medical malpractice and was not subject to the medical malpractice statute of limitations. Id. at 499-500.

Likewise, here Thermo Pac's claim for non-contractual indemnity is independent of the underlying claims brought by plaintiff Simply Thick against Heinz. Thermo Pac's claim against Heinz for indemnity is not subject to the limitations period for Simply Thick's underlying claims against Heinz for breach of warranty. So although the Court dismissed Simply Thick's breach of warranty actions against Heinz based on the running of the statute of limitations, this dismissal does not act to bar Thermo Pac's crossclaim for indemnity against Heinz. The Court will deny Heinz's motion for summary judgment on Thermo Pac's crossclaim for common law indemnity.

B.    Crossclaim of Contractual Indemnity

Count I of Thermo Pac's crossclaim asserts contractual indemnity against Heinz arising out of the Asset Purchase Agreement signed by Heinz and Thermo Pac on July 30, 2008.[3] Thermo Pac states that pursuant to Article 10 of the Agreement, Heinz agreed to indemnify Thermo Pac from any claims of liabilities arising out of the "Excluded Liabilities" defined in the Agreement. Thermo Pac

---

[3] Crossclaim plaintiff AmeriQual did not assert a crossclaim against Heinz for contractual indemnity as AmeriQual was not a party to the Asset Purchase Agreement.

states that Simply Thick's claims and alleged damages arise out of the Excluded Liabilities in the Agreement, and are subject to indemnity as provided in the Agreement.

Heinz moves for summary judgment on Thermo Pac's claim of contractual indemnity. Heinz states that "Excluded Liabilities" is defined by the agreement as to exclusively deal with liabilities of the sellers, that is, liabilities incurred or owed by Heinz to a third party. Heinz argues that Thermo Pac cannot allege any such third-party liability owed by Heinz because the Court has already dismissed Simply Thick's claims against Heinz. Because Heinz cannot be held liable to Simply Thick, there can be no liabilities of Heinz for which it would need to indemnify Thermo Pac.

Article 10 of the Agreement states as follows:

> 10.2 <u>Indemnification by Sellers</u>. . . . Sellers, jointly and severally, shall indemnify, defend and hold harmless Buyer . . . from and against, and will reimburse Buyer . . . the amount of, any claim, expense, damage, liability, loss, cost or penalty . . . suffered, sustained, incurred, paid or required to be paid by Buyer . . . which arises out of, results from or is related to:
> . . .
> (b)    any of . . . the Excluded Liabilities . . . .

Article 3 of the Agreement defines "Excluded Liabilities" as follows:

> . . . Buyer . . . shall not assume or in any way be liable or responsible for any other debts, obligations or liabilities of any of the Sellers of any kind whatsoever, whether known or unknown, absolute, contingent, accrued or otherwise, and whether arising before or after the Closing Date (collectively, the "Excluded Liabilities"). The Excluded Liabilities include, without limitation, all trade accounts payable by Sellers in respect of the Business. The Excluded Liabilities shall remain the sole obligation of Sellers and shall be retained, paid, performed and discharged when due by Sellers.

Thermo Pac argues that it is being sued by Simply Thick for an obligation undertaken by Heinz. It argues that it was Heinz's obligation to obtain FDA process authority for the cold fill manufacturing process used to manufacture the Simply Thick product. Thermo Pac states that Heinz represented that it had obtained the required authorizations necessary to permit Thermo Pac to operate the business, including the FDA process authority. Then, years later, Thermo Pac is sued

by Simply Thick on allegations that it had to recall its Simply Thick product because Thermo Pac lacked the required FDA process authority. Thermo Pac is left holding the bag for a liability arising out of an obligation Heinz undertook.

To the extent Simply Thick is suing Thermo Pac based upon failure to obtain FDA process authority for the Simply Thick product, this is an Excluded Liability under the Agreement. The agreement defines such Excluded Liabilities as: "Buyer [Thermo Pac] . . . shall not assume or in any way be liable or responsible for any . . . obligations or liabilities of any of the Sellers [Heinz] of any kind whatsoever, whether known or unknown, absolute, contingent, accrued or otherwise, and whether arising before or after the Closing Date (collectively, the 'Excluded Liabilities')." (Agreement at 3.2).

Although Simply Thick's claims against Heinz have been dismissed for, among other reasons, falling outside the statute of limitations, Thermo Pac's crossclaim for contractual indemnity against Heinz is viable. Based on the Agreement, Thermo Pac did not assume or become liable or responsible for any obligation of Heinz to obtain FDA process authority for the Simply Thick product. This obligation would be an Excluded Liability, and to the extent Simply Thick might recover against Thermo Pac, Thermo Pac has a claim for contractual indemnity against Heinz. The Court will deny Heinz's motion for summary judgment on Thermo Pac's crossclaim for contractual indemnity.

**V.     Conclusion**

For the foregoing reasons, the Court will grant Heinz's motion for summary judgment on Thermo Pac's crossclaim for contribution, and deny the motion as to Thermo Pac's crossclaims for common law and contractual indemnity.

Accordingly,

**IT IS HEREBY ORDERED** that crossclaim defendant H.J. Heinz Company's motion for summary judgment on crossclaims of Thermo Pac, LLC and AmeriQual Group, LLC is **GRANTED in part** and **DENIED in part**. [Doc. 86] The motion is **GRANTED** as to the crossclaims for contribution and **DENIED** as to the crossclaims for common law indemnity and Thermo Pac, LLC's crossclaim for contractual indemnity.

An order of partial judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of September, 2015.